IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SAINT LOUIS UNIVERSITY,**
**a not-for-profit organization,**

**Defendant.**                                          No. 07-CV-0156-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendant's motion to dismiss and memorandum in support. (Docs. 3, 4.) Plaintiff United States of America opposes the motion. (Doc. 8.) Defendant filed a reply. (Doc. 9.) For the reasons below, the Court denies Defendant's motion.

Defendant Saint Louis University ("SLU") and the United States were co-defendants in a medical malpractice and wrongful death action concerning the treatment of a Mr. Ronald Arpin. That case proceeded to a final judgment in this Court on November 16, 2006. **(*See* No. 3:04-CV-00128-DRH, Doc. 54.)** Following a bench trial, this Court found that the defendants negligently failed to diagnose a medical condition which ultimately caused Mr. Arpin's tragic and unnecessary death. **(*See Id.,* Doc. 53, pp. 2, 4.)** Judgment was entered against the defendants jointly,

who were ordered to pay $8,265,009.27 to Mr. Arpin's estate. (*Id.*, **Doc. 54.**)

The United States filed suit seeking contribution[1] from its prior co-defendant for satisfaction of the judgment on February 26, 2007. (Doc. 2.) SLU has filed a motion to dismiss pursuant to **Fed. R. Civ. P. 12(b)(6)** on the grounds that the Government's claim is time-barred under Illinois law. (Doc. 3.) In the alternative, SLU argues that the Government's claim is also time-barred under federal law. The United States contends it is not bound by Illinois's limitations periods and argues that under the only applicable (federal) statute of limitations, its complaint is timely. (Doc. 8.)

## II.  Motion to Dismiss

Generally speaking, when ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court assumes as true all facts well-pled (plus reasonable inferences therefrom) and construes them in the light most favorable to the plaintiff. ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).** The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id.*

As a procedural matter, SLU's motion to dismiss, predicated as it is on the theory that the Government's claim is time-barred, is awkward. A statute of limitations is an affirmative defense. **See Fed. R. Civ. P. 8(c);** ***United States***

---

[1] Although the United States "denies and continues to deny" any liability (Doc. 2, ¶ 6), it seeks an order entitling it to contribution in the event the judgment survives a pending appeal. (*Id.*, ¶ 7.)

***Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003).** However, a complaint need not anticipate nor overcome affirmative defenses in order to survive a 12(b)(6) motion. ***Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).** For this reason, "[i]t is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6)." ***Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).** But where a plaintiff effectively pleads itself out of court by alleging facts that are sufficient to establish a defense, such a defense may be considered for the purposes of a 12(b)(6) motion. ***United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).** In this case, the dates which are relevant to determining whether the Government's claim is time-barred are provided for by the allegations of the complaint. (*See* Doc. 2, ¶¶ 1-3.)

A court may take judicial notice of documents filed in a different case. ***See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).** Therefore, the Court may look to the underlying malpractice action referenced by the Government's complaint and may utilize the evidence and findings of fact from that case to aid in determining the instant motion. The Court does not need to convert SLU's 12(b)(6) motion into one for summary judgment in order to rule on the issue of timeliness. ***Cf. Pierce v. Illinois Dept. of Human Services*, 128 Fed. Appx. 534, 536 n.1 (7th Cir. 2005).** The purely legal[2]

---

[2] The Court notes that the parties express no disagreement over the facts—i.e., the dates on which given events did or did not occur. The dispute concerns only what law should be applied to these facts.

question of whether the Government's claim is time-barred is properly postured for decision.

### III.  Analysis

SLU correctly notes that the United States' right to contribution will be determined by the law of the state which gave rise to the underlying cause of action. ***See Overseas Nat. Airways, Inc. v. United States* 766 F.2d 97, 101-02 (2d Cir. 1985) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 552 (1951) in noting that "state law generally governs claims of the United States for contribution");** *Estate of Warner by Warner v. United States,* **669 F.Supp. 234, 236 (N.D. Ill. 1987).**  Given that the substantive law of the case derives from Illinois, SLU argues that Illinois's limitations laws should also apply.  Specifically, SLU argues that the Government's claim is time-barred under Illinois's 4 year statute of repose for medical malpractice actions and its complementary 2 year statute of limitations.  ***See* 735 ILCS 5/13-212(a).**

The Government concedes that, ordinarily, a claim for contribution brought in the same time and manner as in the instant case would be barred: "Certainly, if plaintiff were Acme Widget Company instead of the United States of America, the claim would be barred by [Illinois's] statute of limitations or statute of repose."  (Doc. 8, pp. 1-2.)  Thus, the Court must decide whether Plaintiff's identity as the federal Government exempts it from a state's statute of limitations (or repose).  If the answer is "no," according to the Government's concession, our analysis is

finished and the suit must be dismissed. However, if the answer is "yes," the Court must then proceed to the secondary question of whether a federal statute of limitations precludes the United States' claim.

### A. Applicability of Illinois's Limitations Laws

By requesting that the Court find the Government is bound by Illinois's limitations law, SLU invites the Court to make path-breaking precedent in contravention of decisions from the Supreme Court, the Seventh Circuit, our sister districts in Illinois, and even from this Court. The Court declines the invitation and finds that neither Illinois's statute of limitations nor its statute of repose apply to the United States in this instance.

The controlling case on this issue is **United States v. Summerlin, 310 U.S. 414 (1940)**. In **Summerlin**, the Federal Housing Administrator of the United States sought to recover in Florida state court as the assignee of a claim against the estate of a deceased. *Id.* **at 415-16.** Florida law required claims by creditors of a probate estate to be filed within eight months of publication of death. *Id.* **at 415-16.** However, because the Government had not complied with this requirement, the Florida courts held that the claim was time-barred. *Id.* **at 416.** In deciding whether or not Florida could do this, the Supreme Court declared, "It is *well settled* that *the United States is not bound by state statutes of limitation* or subject to the defense of laches in enforcing its rights." *Id.* **(emphasis added).** The Court went on to stress that a state statute which purports to bar a claim by the federal government

due to untimeliness "transgresse[s] the limits of state power." **Id. at 417.**

The Seventh Circuit commented on the **Summerlin** doctrine in ***United States v. Tri-No Enterprises, Inc.*, 819 F.2d 154 (7th Cir. 1987).** In that case, the United States sought to collect delinquent reclamation fees from Tri-No due under the Surface Mining Control and Reclamation Act of 1977 (SMCRA). **Id. at 156**. Tri-No argued that certain default limitations periods under federal law barred the action. However, citing **Summerlin**, the court found that Congress had not expressly provided any limitations period in the SMCRA itself, and that the other limitations periods were inapplicable. **Id. at 158-59.** "Generally," the court noted, "*the United States is not subject to statutes of limitations in enforcing its rights unless Congress explicitly provides otherwise.*" **Id. at 158 (citing, *inter alia*, Summerlin, 310 U.S. 414) (emphasis added).**

Although **Summerlin** was decided almost seventy years ago, SLU has not alerted the Court to any authority which would suggest that it does not remain good law. The closest the Supreme Court has come to reconsidering that decision came in ***United States v. California*, 507 U.S. 746 (1993)**. In that case, the Ninth Circuit had dismissed a claim brought by the Government via subrogation, stating, "Since there is no applicable federal common law and no conflict between federal policy and the use of the California . . . law in this case, state law must be applied." ***United States v. California*, 932 F.2d 1346, 1352 (9th Cir. 1991).** Because the United States' claim was time-barred in California, the Ninth Circuit held that the

claim was lost. *Id.*

The Supreme Court affirmed on different grounds, resting its decision on the fact that the statutory period had run *before* the Government's assignor transferred the claim. **507 U.S. at 758.** Because the claim had died in the hands of a party who had no further right to enforce it, the Government could not subsequently bring it back to life. *Id.* In the course of its analysis, the Court noted, "Whether in general a state-law action brought by the United States is subject to a federal or state statute of limitations is a difficult question. We need not resolve it today . . . ." *Id.* While this dictum may foreshadow the Supreme Court's willingness to reconsider the scope of **Summerlin** in the future, the doctrine remains presently unaffected.

SLU attempts to distinguish the foregoing authority on two theories. First, it contends that the cases applying the **Summerlin** rule concern suits by the Government to recover for injuries arising under federal law; because the Government's right to contribution here arises under state law, those cases are inapposite and Illinois law should control. Second, SLU argues that because a statute of *repose* is here involved, the rule governing statutes of *limitations* need not necessarily apply. The Court disagrees.

The issue presented by this case—whether a claim by the United States arising out of state law may be time-barred by that state's rule—is neither novel nor unprecedented. In fact, this Court has very recently considered precisely this

question. In ***United States v. Foster*, 2005 WL 1458266 (S.D. Ill. 2005) (Gilbert, J.)**, the United States sued to recover for the wrongful felling of timber on government land. ***Id.* at \*1.** Its four-count complaint stated common law claims for trespass, conversion, and unjust enrichment, as well as a claim under the Illinois Wrongful Tree Cutting Act. ***Id.*** The Honorable Judge Gilbert considered the question of whether these state law causes of action—which were brought almost five years after the United States noticed the damage—were barred by the relevant Illinois limitations periods. Citing ***Summerlin***, Judge Gilbert concluded that federal, rather than state, limitations law applied. ***Id.* at \*2.**

Most other courts confronted with this question have also held that causes of action brought by the United States under state law are not subject to state statutes of limitations. ***See, e.g., United States v. Stavros*, 2002 WL 31545918, \*4 (N.D. Ill. 2002) (Lindberg, Senior J.) (collecting cases).** In light of the foregoing, the distinction urged by SLU—that a different rule should obtain where state rather than federal law gives rise to a cause of action—fails to persuade.

Neither does SLU's attempt to differentiate between statutes of repose and statutes of limitations lead to a different result. SLU correctly notes that these two concepts are technically distinct. ***See, e.g., Boggs v. Adams*, 45 F.3d 1056, 1060 (7th Cir. 1995).** However, they are markedly similar in that each rule points to a date on the calendar by which a cause of action must be brought in order to avoid extinction. The key difference between the two concepts concerns notice and

tolling. A statute of limitations will typically not begin to run until a litigant has been made aware of certain underlying facts; likewise, certain events may allow a litigant to suspend the running of the clock while an issue resolves. In contrast, a statute of repose is absolute. It will typically begin to run instantly from the occurrence of the event giving rise to a claim and will not be slowed or stopped for failure of notice nor for any other reason. **See generally 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1056 (3d ed. 2007).**

Here, the similarities between statutes of repose and limitations eclipse their differences. The essential question raised by this motion is whether state law may cause a claim of the United States' to be time-barred. As applied to this question, a statute of repose and a statute of limitations are identical because the issues of tolling and notice are not relevant. Indeed, in the context of applying the limitations-immunity doctrine of *Summerlin*, courts have readily eschewed the distinction urged by SLU. ***See, e.g., United States v. Burton*, 580 F.Supp. 660, 661 (Dist. Mich. 1984) (Joiner, J.); *Stavros*, 2002 WL 31545918 at \*4; *In re Greater Southeast Community Hosp. Corp. I*, 365 B.R. 293, 302 (Bankr. Dist. Col. 2006) (S. Martin Teel, Jr., Bankruptcy J.); *United States v. Evans*, ___ F.Supp.2d___, 2007 WL 869595, \*10 (W.D. Tex. 2007) (Xavier Rodriguez, J.).** There is simply no principled reason to differentiate statutes of limitations and repose in this particular context. Both would extinguish a claim if not filed by a certain time. The ***Summerlin*** rule plainly prohibits a state law from having this

effect on a claim brought by the United States. SLU's construction would exalt form over substance.

SLU has pressed one additional argument, which is that under ***Laue v. Leifheit*, 473 N.E.2d 939 (Ill. 1984)**, a claim for contribution is barred if not raised during the litigation of the underlying controversy. (Doc. 4, p. 7.) Because the Government failed to raise its contribution claim in the earlier case, SLU asks the court to find that its present complaint is a "nullity." (***Id.*, citing *Henry v. St. John's Hosp.*, 563 N.E.2d 410, 416 (Ill. 1990).)** However, this argument also fails. First, it is a well-established rule that, under the *Erie* doctrine, a federal court applying state substantive law applies federal procedural law. ***Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). See also Carter v. United States, 333 F.3d 791, 794 (7th Cir. 2003) (under the FTCA, "the procedures [a federal court] applies are federal, not state, procedures, regardless of the source of the substantive rules in the case.")** The *Laue* rule is procedural. ***See Hayes v. Mercy Hosp. and Medical Center*, 557 N.E.2d 873, 877 (Ill. 1990) ("*Laue* only established a *procedural* requirement that actions for contribution must be filed during the pendency of the underlying direct action.") (emphasis added).** Therefore, it does not apply here. Moreover, the specific statutory provision essential to the holding in *Laue* has since been superceded by **740 ILCS 100/5**, which in turn has been voided by ***Best v. Taylor Machine Works,* 689 N.E.2d 1057 (1997).** Thus, *Laue* does not appear to remain good law. Finally, since this procedural

requirement is, at bottom, an issue of timing, there is no reason the ***Summerlin*** doctrine should not apply equally to it as to a more classic statute of limitations. But the question remains whether the Government's claim is barred by federal law.

### B. The Federal Statute of Limitations

Both SLU and the United States appear to agree that the federal limitations period applicable to this action is found at **28 U.S.C. § 2415(b)**, which imposes a three year limit on general tort claims. In pertinent part, that subsection provides: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years *after the right of action first accrues*." **Id. (emphasis added).** The Court's task, then, is to decide when the United States' right to contribution "first accrued." The accrual date cannot have occurred prior to February 26, 2004, (the "statutory date") because this date precedes the filing of the complaint in this case by precisely three years.

SLU contends that the clock began to run on May 12, 2003, when Ms. Jeannine Arpin filed the administrative claim which preceded the underlying malpractice action per 28 U.S.C. § 2675(a). Therefore, SLU argues, this suit must be dismissed because the accrual date precedes the statutory date. The United States counters that its right to contribution could not have accrued until it was formally served process in the underlying action and, because service on the United States was effected on August 10, 2004 (after the statutory date), its suit may proceed. **(*See* No. 3:04-CV-00128-DRH, Doc. 7.)**

Interpreting the "first accrual" language of § 2415(b), our sister district has said that "[a] cause of action accrues when it first could be sued upon by a plaintiff." ***Federal Deposit Ins. Corp. v. Greenwood*, 701 F. Supp. 691, 694 (C.D. Ill. 1988)**. Because the parties agree that the United States' right to contribution in the instant case is created by the law of Illinois, the Court looks to Illinois law to determine when this right first existed.

In Illinois, "[t]he right of contribution exists in inchoate form from the time of injury but does not 'ripen, mature, vest, or accrue' until either payment is made, obligated, or incurred or an action is brought against the defendant." ***Adukia v. Finney*, 735 N.E.2d 174, 177 (Ill. App. 2000) (citing *Highland v. Bracken*, 560 N.E.2d 406, 409 (Ill. App. 1990))**. ***See also Guzman v. C.R. Epperson Construction, Inc.*, 722 N.E.2d 1223, 1227 (Ill. App. 2000).** SLU contends that filing an administrative claim satisfies this standard. However, the Court finds that the statutory period in this case did not begin to run when the administrative claim was filed.

Certainly, if the Untied States had agreed to compensate the Arpins for their loss after receiving their administrative claim, it would have "made, obligated, or incurred" a payment which would have entitled it to seek contribution from SLU. However, having denied the claim, the U.S. had neither incurred a payment nor had been subjected to suit. This disposition gave the Arpins the *ability* to sue, but not the obligation. ***See* 28 U.S.C. § 2675(a).** If the United States had attempted to sue

the University for contribution after the Arpins' administrative claim was denied, but before the commencement of any other lawsuit by them, the Court expects SLU could have successfully challenged such an action as unripe. Without the ability to independently initiate a suit, the United States would not have been in possession of an accrued cause of action within the meaning of 28 U.S.C. § 2415(b).

For the these reasons, the Court finds that the statutory period prescribed by 28 U.S.C. § 2415(b) did not begin to run until August 10, 2004, when the United States was served. Therefore, the United States had until August 10, 2007 to file this complaint, a requirement it complied with by filing on February 26, 2007.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** defendant Saint Louis University's motion to dismiss. (Doc. 3.)

**IT IS SO ORDERED**.

Signed this 16th day of November, 2007.

/s/          DavidRHerndon
**Chief Judge**
**United States District Court**