IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAINT LOUIS UNIVERSITY,
a not-for-profit organization,

Defendant.                                              No. 07-CV-0156-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendant's motion for reconsideration and, in the alternative motion for certification pursuant to 28 U.S.C. § 1292(b) (Doc. 16). Defendant claims that the Court erred when it denied its motion to dismiss the Governments' complaint, which Defendant contends is time barred under Illinois law. Specifically, Defendants argue that the Court's finding that the Government is exempt from the Illinois' limitation and repose provisions and the joinder requirement of 740 ILCS 100/5 is a manifest error of law. The Government opposes the motion (Doc. 20). Based on the following, the Court denies Defendant's motion for reconsideration and, in the alternative motion for certification pursuant to 28 U.S.C. § 1292(b).

## II. Analysis

Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. ***Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1995)**. Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed. If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under **Federal Rule of Civil Procedure 59(e)**. ***See Britton v. Swift Transportation Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing"); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011 (1995)("any post-judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion.")**. Defendant's motion to reconsider was filed within ten days of the entry of the Order denying the motion to dismiss.

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)**; ***Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of

unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted);** ***King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A.* (*In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D.Ill.1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court' discretion. ***See Prickett v.* Prince, 207 F.3d 402, 407 (7th Cir. 2000);** ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).** Because Golliher is not represented by counsel, his motion must be liberally construed. ***Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1998)**.

The Court finds that Defendant neither presented newly discovered evidence nor identified a manifest error of law or fact. Defendant's motion merely takes umbrage with the Court's ruling and rehashes old arguments. The Court

unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted);** ***King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A.* (*In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D.Ill.1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court' discretion. ***See Prickett v.* Prince, 207 F.3d 402, 407 (7th Cir. 2000);** ***LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).** Because Golliher is not represented by counsel, his motion must be liberally construed. ***Blake v. United States*, 841 F.2d 203, 205-06 (7th Cir. 1998)**.

The Court finds that Defendant neither presented newly discovered evidence nor identified a manifest error of law or fact. Defendant's motion merely takes umbrage with the Court's ruling and rehashes old arguments. The Court

remains convinced of the correctness of its position. Thus, the Court rejects Defendant's motion for reconsideration. Further, the Court is not persuaded that an appeal of this issue will materially advance the ultimate termination of this litigation.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion for reconsideration and, in the alternative motion for certification pursuant to 28 U.S.C. § 1292(b) (Doc. 16). Further, the Court **DENIES** Defendant's motion for oral argument (Doc. 18).

**IT IS SO ORDERED.**

Signed this 26th day of March, 2008.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**