## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SAINT LOUIS UNIVERSITY,**
**a not-for-profit organization,**

**Defendant.**                                    **No. 07-CV-0156-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

## I. Introduction and Background

Pending before the Court is defendant's motion for summary judgment (Doc. 60). Defendant argues that it is entitled to summary judgment because plaintiff's cause of action is barred by *res judicata*. Plaintiff opposes the motion (Doc. 66). Based on the following, the Court denies the motion.

Defendant and the government were co-defendants in a Federal Torts Claims Act case based on medical malpractice and wrongful death action concerning the treatment and death of Mr. Ronald Arpin. *See Arpin v. USA, et al.*, No. 04-CV-0128-DRH. Following a bench trial in that case, the undersigned judge found that both the government and St. Louis University negligently failed to diagnose a medical condition which ultimately caused Mr. Arpin's death. *Id.* at Doc. 53. On November

16, 2006, Judgment was entered against the government and St. Louis University jointly and they were ordered to pay $8,265,009.27 to Mr. Arpin's estate. *Id.* at Doc. 54.

On February 26, 2007, the government filed this lawsuit against St. Louis University seeking contribution for satisfaction of the judgment in the *Arpin* case (Doc. 2). Defendant filed a motion to dismiss arguing that the government's suit is time barred under Illinois law, and alternatively, that it is time barred under federal law (Doc. 3). On November 16, 2007, the Court denied defendant's motion to dismiss (Doc. 13). Then on December 3, 2007, defendant filed a motion to reconsider the Order denying the motion to dismiss (Doc. 16) and the Court denied that motion as well (Doc. 21).

Following two appeals in the *Arpin* case, the government paid $1,265,009.27 to Arpin's estate in 2008 and $4,000,000.00 (pursuant to a settlement) to Arpin's estate on April 15, 2011. Subsequently, the government filed an amended complaint for contribution against St. Louis University to reflect the settlement between Arpin's estate and the government.

Now before the Court is defendant's motion for summary judgment. Defendant contends that the government's claim is barred by Illinois and federal standards of *res judicata* in that the contribution claim should have been brought in the *Aprin* case. The government responds that the Court has already twice considered and rejected the arguments set forth in the motion for summary judgment. The Court agrees with the government.

## II.  <u>Summary Judgment</u>

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548.   Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury

could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995).

### III.  <u>Analysis</u>

Because the prior case was adjudicated in federal court, federal *res judicata* law governs. *In re Energy Coop., Inc.,* 814 F.2d 1226, 1230 (7th Cir. 1987); *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286, 1289 n. 4 (7th Cir. 1993)("[w]here the earlier action is brought in federal court, the federal rules of res judicata apply."). "This is true whether the first action is based on federal question jurisdiction or on diversity jurisdiction." *Rymer Foods, Inc. v. Morley Fish Co.,* 116 F.3d 1482 (7th Cir. 1997)(citing *J.Z.G. Resources, Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 212-14 (6th Cir. 1996)). *Res judicata* "minimizes the expense and vexation of attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Alvear–Valez v. Mukasey,* 540 F.3d 672, 677 (7th Cir. 2008). Put another way, *"res judicata* is designed to enhance judicial economy by prohibiting repetitive litigation." *Hagee v. City of Evanston,* 729 F.2d 510, 514 (7th Cir. 1984). "The applicability of *res judicata* hinges on three elements: (1) an identity of parties or their privies; (2) identity of the cause of action; and (3) a final judgment on the merits." *Mukasey,* 540 F.3d at 677 (quotation marks omitted). In addition to claims that were litigated, *res judicata* bars litigation of claims that "could have been raised" in the previous litigation, but were not. *Maher v. F.D.I.C.,* 441 F.3d 522, 526 (7th Cir. 2006).

Here, defendant contends that this claim for contribution could have and should have been raised in the underlying litigation, therefore, this claim is barred by *res judicata*. The Court agrees with the government that defendant's argument based on res judicata has been twice rejected by this Court. As previously stated, the Court finds that the Illinois rule requiring contribution claims to be filed during the underlying litigation as procedural and that the *Summerlin* doctrine permits the government to proceed with its claim.

Moreover, as stated in its previous Order denying the motion to dismiss, under the *Erie* doctrine, a federal court applying state substantive law follows federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Carter v. United States*, 333 F.3d 791, 794 (7th Cir. 2003)(under the FTCA "the procedures [a federal court] applies are federal, not state, procedures, regardless of the source of substantive rules in the case."). Thus, it is fundamental civil procedure that cross claims (as this claim would have been in the underlying suit) pursuant to Fed. R. Civ. P. Rule 13(g) are permissive in nature and do not compel a party to raise such claims in the initial litigation in which the parties are joined. 6 Wright and Miller, Federal Practice and Procedure, § 1431 at 164–65. (cross claims are always permissive and a party who decides not to bring his claim under Fed.R.Civ.P. 13(g) will not be barred by *res judicata*, waiver, or estoppel from asserting it in a later action); 3 Moore's Federal Practice P 13.34(1), at 13-871 (2d ed. 1980). Cross-claims are not compulsory and the litigant holding such a claim against a co-party has the choice of either raising the claim in the principle litigation or bringing a suit

against the co-party in a subsequent proceeding. The cross-claim holder is not prejudiced in any way for the delay in bringing the action against the former co-party. Accordingly, the Court finds that *res judicata* does not apply in this case.

## IV. Conclusion

Accordingly, the Court **DENIES** defendant's motion for summary judgment (Doc. 60). The Court **SETS** this matter for final pretrial conference on September 13, 2012 at 1:30 p.m. Further, if a settlement conference would be beneficial, the parties shall contact Magistrate Judge Frazier's chambers.

**IT IS SO ORDERED.**

Signed this 2nd day of February, 2012.

David R. Herndon
2012.02.02
16:20:22 -06'00'

**Chief Judge**
**United States District Court**