IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAINT LOUIS UNIVERSITY,
a not-for-profit organization,

Defendant.                                          No. 07-CV-0156-DRH

# MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is the government's motion for leave to file *instanter* its motion for summary judgment after the dispositive motion deadline (Doc. 84). The government contends that its motion for summary judgment could significantly reduce the issues for trial and the duration of trial and that if not raised before trial the government will likely seek to raise the issues via a motion under Federal Rule of Civil 50 at trial. Defendant opposes the motion arguing that the motion for summary judgment is untimely and seeks to improperly use offensive collateral estoppel. Based on the following, the Court denies the motion for leave.

Offensive collateral estoppel precludes a defendant from relitigating an issue it previously litigated and lost in another action against another plaintiff. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4, 329 (1979). "The court has broad discretion to decide whether offensive collateral estoppel should be applied. *Id.* at

331. "[O]ffensive use of collateral estoppel will likely increase rather than decrease litigation, since potential plaintiffs will have everything to gain and nothing to lose by not intervening in the first action. A second argument against offensive use of collateral estoppel is that it may be unfair to the defendant." *Id.* at 330. "The general rules should be that in cases where a plaintiff could have easily joined in the earlier action or .... the application of offensive collateral estoppel would be unfair to the defendant, a trial judge should not allow the use of offensive collateral estoppel." *Id.* Whether the application is fair "depends upon a case by case analysis" and the court should recognize "the practical realities which surround the parties." *Butler v. Stover Bros. Trucking Co.*, 546 F.2d 544, 551 (7th Cir.1977).

Under the circumstances of this case, the Court finds the motion for leave is untimely (as conceded by the government) and the use of collateral estoppel not proper. The government could have brought its cross-claim for contribution against defendant in the underlying action, *Arpin v. United States of America*, 04-cv-0128-DRH, as both the parties in this action were co-defendants in that action. Thus, the Court denies the government's motion for leave to file *instanter* its motion for summary judgment after the dispositive motions deadline (Doc. 84).

**IT IS SO ORDERED**.

Signed this 3rd day of May, 2012.

Digitally signed by
David R. Herndon
Date: 2012.05.03
11:30:16 -05'00'

**Chief Judge**
**United States District Court**